IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JENNIFER PATUKAS & SAINT LOUIE RAMOS<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF PHILADELPHIA, et al<br><br>Defendants. | CIVIL ACTION<br>No. 2:25-cv-332 |

**MEMORANDUM**

Before this Court is a Motion to Dismiss filed by Defendants Officer Michael Chichearo, Officer Edward Solvibile, and the City of Philadelphia (the "Motion" at Dkt. #38 filed by the "City Defendants"). Plaintiffs have responded. Both sides subsequently responded to this Court's September 15, 2025 Order to Show Cause which sought additional information regarding the nature of the Parties' discussions with respect to the Motion before it was filed. Both sides provided the Court with fulsome responses supported by documentation.

The key conversation about which both sides have provided briefing occurred on August 13, 2025. The City Defendants argue that on that day, the Parties discussed in detail why the City Defendants believed the claim for negligent infliction of emotional distress was invalid and why the Police Department was an inappropriate defendant and said that their other arguments would be the same. (Dkt. #48 at 2). The City Defendants claim that Plaintiff's counsel would follow up if anything had changed in his view of

1

those arguments. (*Id.*). Plaintiffs respond with a different recollection, which states that counsel only discussed the Motion for less than five minutes, and that the conversation was limited to dismissal of the Police Department as a standalone defendant and the lack of merit as to Plaintiffs' negligent infliction of emotional distress claims.

The Court initially notes that a brief five-minute conversation could not possibly be a substantive discussion of all the ground covered in the Motion. While there may be some merit to a suggestion that the Parties need not *extensively* beat a dead horse on arguments fully briefed prior, the Motion was lengthy and asked numerous difficult questions. Nothing in this Court's Guidelines or Local Rules of Civil Procedure permit Parties to entirely disregard the requirement to meet and confer on an issue because it was briefed in a previous motion. This Court need not determine which narrative to accept, because even the City Defendant's narrative falls short of the letter and spirit of the rules.

Were this Court to opine on which side's narrative it believed, the result would be the same. The City Defendant's earlier cavalier attitudes towards the rules regarding meeting and conferring in good faith would give this Court very little reason to trust the City Defendants' recollection on the same topic as to a new motion.[1] Those failures were explained at length in a prior filing. (See: Dkt. #35). The Motion is denied on those procedural grounds as to all counts besides negligent infliction of emotional distress, which both sides agreed was discussed.[2]

---

[1] This Court may perhaps have considered the burden on the City's taxpayers and have been willing to entertain enforcing its rules less stringently if the Motion appeared meritorious as to all claims and would otherwise have ended the case. But were the Court to address all the claims on the merits, the case would survive.

[2] The Court also finds that the City Defendants preserved its argument with respect to dismissal of the Police Department as a standalone defendant but seems to have excluded that from its Motion. Because the City

As to the claim for negligent infliction of emotional distress, the motion is denied on the merits. Plaintiff's entire case is premised upon the City Defendant's negligent operation of vehicles. That is one of Pennsylvania's statutory exceptions to government immunity. *See* 42 Pa.C.S. § 8542(b)(1) (the "Vehicle Exception"). Plaintiff's theory is that the City Defendants actively used their vehicles to negligently chase Aaron Jenkins and in so doing caused emotional distress to Plaintiffs. Plaintiffs' claims plausibly fits within this exception.

The *Latkis* case, cited by the City Defendants, is illustrative of why this claim at least must survive motion to dismiss. In *Latkis*, the district court considered liability with related to an allegedly improper arrest. *Lakits v. York*, 258 F. Supp. 2d 401, 403-04 (E.D. Pa. 2003). The only use of the vehicle at all relevant to the plaintiff's claim in that case was in initially pulling her over and subsequently transporting the plaintiff from the traffic stop to the police station. *Id.* at 406. Ultimately, Judge Baylson rightly determined that the connection of the driving of the vehicle to the emotional distress was too tenuous, and that the Vehicle Exception did not apply because "[n]o moving part of the police car was in any way involved in the events complained of in this lawsuit." *Id*. Put differently, while driving a car was narratively part of what occurred, it was not closely related to the harm alleged by Plaintiff.

That careful analysis clearly shows why Plaintiffs' claim must survive here. Here, the connection between the emotional distress and the City Defendants' use of vehicles is not at all tenuous. Whether a factfinder finds that connection compelling enough to

---

Defendants seem to have the right side of that argument, this Court encourages the Parties to work that out by stipulation, if at all possible.

establish liability is a question for later. But the connection is at least plausible enough to survive at this early stage.

The *Moser* case also is not on all fours for a similar reason. While that case involved a police chase, the gravamen of the negligent infliction of emotional distress case was related to the shooting that occurred at the conclusion of the chase, after the officer got out of his vehicle. *See Moser v. Bascelli*, 865 F. Supp. 249, 251 (E.D. Pa. 1994). The alleged tortfeasor's tort had nothing to do with how he drove. That is distinct from this case, where alleged liability against the City Defendants streams entirely from their conduct while chasing Mr. Jenkins in their vehicles.

The Motion, therefore, is denied with prejudice. This Court will not consider another dispositive motion by the City Defendants until the close of fact discovery. An appropriate order will follow.

DATED: September 30, 2025         BY THE COURT:

_____
GAIL WEILHEIMER         J.

4